UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPERION THERAPEUTICS, INC., <br><br>                                            Plaintiff, <br><br> -against- <br><br> DAIICHI SANKYO EUROPE GMBH, <br><br>                                            Defendant. | No. 1:23-cv-02568-ER |

**STIPULATION AND**
**[PROPOSED] PROTECTIVE ORDER**

   The Court, having found good cause to issue an appropriately tailored confidentiality order to govern this action—including the prosecution or defense of any claims, counterclaims, and third-party claims; any appeals; and any settlement or mediation proceedings (collectively, this "Action")—and the parties to this Action have conferred through their respective counsel and stipulated and agreed to the following terms of a protective order, it is therefore hereby STIPULATED, AGREED, AND ORDERED that any person subject to this Order—including, without limitation, the parties to this Action (each a "Party" or collectively "the Parties"); their representatives, agents, experts and consultants; all third parties providing discovery in this Action; and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

   1.  Any person subject to this Order who receives from any other person any information of any kind and in any form provided in the course of discovery in this Action ("Discovery Material") that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery

Material or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted by this Order.

2. A producing person or entity (including any Party or non-Party) or their counsel may designate Discovery Material other than deposition testimony as Confidential or Highly Confidential – Attorneys' Eyes Only by so stamping or otherwise clearly marking such Discovery Material in a manner that will not interfere with legibility or audibility.

3. Deposition testimony may be designated by any Party, deponent, or counsel for a Party or deponent as Confidential or Highly Confidential – Attorneys' Eyes Only either:

    a. on the record during the deposition, or

    b. within 30 days of the date of receipt of the deposition transcript by notifying all counsel of record in writing.

During the 30-day period following receipt of a deposition transcript, all Parties and any non-Party deponents will treat the entire deposition transcript as if it had been designated Confidential.

4. If, at any time prior to trial in this Action, a producing person realizes that some portion(s) of Discovery Material previously produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, that person may so designate it by apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order. In addition, the producing person shall provide each Party with replacement versions of such Discovery Material that bears the Confidential or Highly Confidential – Attorneys' Eyes Only designation within five (5) business days of providing such notice.

5. The person producing Discovery Material may designate as Confidential any Discovery Material or portion of Discovery Material that contains non-public business,

commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations, policies, or its business, commercial, financial, or personal interests. Discovery Material may be designated as Confidential if it contains or reflects non-public internal business information that the producing Party has taken steps to protect from public disclosure, including research, technical, commercial or financial information, and information prohibited from disclosure by statute, rule or regulation.  Information or documents that are available to the public may not be designated as Confidential.

6.   Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.   No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material to any other person, except to:

(a)   the Parties;

(b)   counsel retained specifically for this Action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)   outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e)   any mediator, arbitrator, or discovery master that the Parties engage in this matter or that this Court may appoint, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) any non-Party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any expert witness or consultant employed or retained by a Party in connection with this Action, including any mock jurors hired by a jury-testing consultant—provided (1) such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and (2) any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated Confidential by the Party responsible for its creation;

(h) stenographers engaged to transcribe depositions in this Action;

(i) any person pursuant to judicial order or as otherwise required by law; and

(j) the Court and its support personnel, any appellate court reviewing this Action and its support personnel, and any jurors in this Action.

8. Before disclosing any Confidential Discovery Material to any person referred to in paragraphs 6(e), (f), and (g) above, counsel must provide a copy of this Order to such person and such person must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either twenty-four (24) hours before such person testifies (at deposition or trial) or at the conclusion of the Action, whichever comes first.

9. The person producing Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only any Discovery Material or portion of Discovery Material that it reasonably and in good faith believes contains extremely confidential and/or highly sensitive information,

disclosure of which would create a high risk of serious economic harm and/or competitive disadvantage that could not be avoided by less restrictive means. The Highly Confidential – Attorneys' Eyes Only designation should be used sparingly and only for Discovery Material that meets the heightened standard above. The Party invoking the Highly Confidential – Attorneys' Eyes Only designation bears the burden of showing the Discovery Material meets the requisite standard. The Parties agree that the following Discovery Material, if non-public, would qualify as Highly Confidential – Attorneys' Eyes Only Discovery Material: business-level Strategic Plan presentations and drafts thereof, confidential contracts with third parties; confidential intellectual property filings (including descriptions of business processes contained therein); customer and vendor lists; employee information (e.g., contents of Human Resources files); information restricted from disclosure under the General Data Protection Regulation ("GDPR") and/or other applicable data privacy laws; non-public financial data relating to costs of goods sold and profit margins; pricing information for territories outside of the European Economic Area and Switzerland; source code; the Parties' trade secrets; and/or any other non-public information of similar heightened competitive and business sensitivity.

      10.    No person subject to this Order other than the producing person shall disclose any Highly Confidential – Attorneys' Eyes Only Discovery Material to any other person, except to:

    (a)    the Parties' outside counsel participating in the prosecution or defense of this Action and their legal, clerical, and support staff, including any temporary or contract staff; and three in-house counsel of the Parties and/or the Parties' affiliates, who are engaged in managing and/or overseeing this action, and their paralegals, investigative, technical, secretarial, or clerical personnel who are engaged in assisting them in this action, provided that: (a) all such in-house counsel at a Party

or an affiliate are identified to the producing Party prior to the disclosure of Highly Confidential – Attorneys' Eyes Only Discovery Material to such in-house counsel, and (b) any person that has access to Highly Confidential – Attorneys' Eyes Only Discovery Material under this provision executes the Non-Disclosure Agreement annexed to the Protective Order prior to the disclosure of Highly Confidential – Attorneys' Eyes Only Discovery Material.

(b) the author, addressee, and any other person indicated on the face of a document or its metadata as having possessed, sent or received a copy of the document;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any expert witness or consultant employed or retained by a Party in connection with this Action, including mock jurors hired by a jury-testing consultant—provided that (1) such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and (2) any report created by such expert or consultant relying on or incorporating Highly Confidential – Attorneys' Eyes Only Discovery Material in whole or in part shall be designated Highly Confidential – Attorneys' Eyes Only by the Party responsible for its creation;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) any person pursuant to judicial order or as otherwise required by law;

(g) the Court and its support personnel, any appellate court reviewing this Action and its support personnel, and any jurors in this Action;

(h) stenographers engaged to transcribe depositions in this Action; and

(i) other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

11. Before disclosing any Highly Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in paragraphs 9(d) and (e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of this Action, whichever comes first.

12. Pursuant to Section 3(ii) of Judge Ramos' Individual Practices, and notwithstanding any other provision, any Party seeking to file any document containing Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under seal shall (a) electronically file under seal via the Court's Electronic Case Filing system a copy of the unredacted document with the proposed redactions highlighted; (b) publicly file via the Court's Electronic Case Filing system the document with only the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material redacted; and (c) file a motion explaining the need to withhold the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material at issue from the public record.

13. Any Party who objects to any confidentiality designation may at any time prior to the trial of this Action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached, the Party challenging the designation may move the Court to review whether the designation is appropriate. While the

designation is being challenged before the Court, the Party challenging the designation must treat the discovery material according to the level of confidentiality requested by the Party who made the designation.

14. Any Party who requests additional limits on disclosure (such as "outside counsel eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the Receiving Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

15. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16. Recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely in connection with this Action, and not for any other purpose or in any other litigation. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

17. If, at any time, any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material governed by this Order is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the

production thereof, the subpoenaed person shall, to the extent permitted by law, within three (3) days of receipt of any such subpoena or request, give written notice to the producing person and include with such notice a copy of the subpoena or request. The subpoenaed person also shall make all reasonable good faith efforts to provide the producing person a reasonable period of time (which shall be no less than seven (7) days absent extenuating circumstances) to seek to quash the subpoena, or to move for any protection for the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material, before the subpoenaed person takes any action to comply with the subpoena. In no event shall such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material subject to this Order be produced by a subpoenaed person without providing the producing person an opportunity to quash or object, absent a court order to do so. Upon receiving such notice, the producing person will bear the burden (at its sole cost and expense) to quash the subpoena, oppose compliance with the subpoena, other compulsory process, or other legal notice, or seek an appropriate protective order, if the producing person deems it appropriate to do so.

18. Each person who has access to Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. If, in connection with this Action, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

(a) If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days, destroy, return or sequester all copies of the Inadvertently Disclosed Information, along with any notes, abstracts or compilations of the content thereof. To sequester Inadvertently Disclosed Information means to place it in a sealed envelope or otherwise prevent it from being viewed by the receiving Party. The receiving Party shall also take reasonable steps to retrieve the material from any other person to whom the Inadvertently Disclosed Information was disclosed.

(b) Also within five (5) business days of the disclosing Party's request for the destruction, return or sequestration of all copies of Inadvertently Disclosed Information, or before the deadline for the Parties' exchange of privilege logs, whichever comes later, the disclosing Party shall serve on the other party a privilege log that reflects the Inadvertently Disclosed Information and, if the privilege claim only applies to part of the document, produce the redacted version of the document. The disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

(c) The receiving Party must notify the disclosing Party whether it intends to challenge the claim of privilege within seven (7) business days of receiving the redacted document or privilege log for the produced document at issue. If the receiving Party challenges the disclosing Party's assertion of privilege or other protection, the parties shall then meet-and-confer regarding the challenge within fourteen (14) business days of the receiving party providing its notice of challenge and, if they are unable to reach agreement, they shall submit the dispute to the Court within

fourteen (14) business days of the meet-and-confer but may not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure. If the receiving Party does not challenge the disclosing Party's assertion of privilege or other protection, then upon expiration of the seven (7) business day period, all copies of the disputed material shall be returned or destroyed.

20. Within sixty (60) days of the final disposition of this Action—including all appeals—all Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. In either event, by the 60-day deadline, the receiving Party must certify such return or destruction by submitting a written certification to the producing person that affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, counsel for the Parties that filed an appearance in this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material, and the parties or counsel that retain them, shall remain subject to this Order.

21. This Order shall survive the termination of the litigation and shall continue to bind all persons subject to the Order to whom Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

22. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: August 23, 2023
       New York, New York

| GIBSON, DUNN & CRUTCHER LLP | JONES DAY |
|---|---|
| By: __/s/ Orin Snyder_____<br>Orin Snyder<br>Matthew Benjamin<br>Mary Beth Maloney<br>Grace Hart<br>Allyson Parks<br>Alexandra Perloff-Giles<br>Brian Yeh<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>OSnyder@gibsondunn.com<br>MBenjamin@gibsondun.com<br>MMaloney@gibsondunn.com<br>GHart@gibsondunn.com<br>AParks@gibsondunn.com<br>APerloff-Giles@gibsondunn.com<br>BYeh@gibsondunn.com | By: __/s/ Elizabeth Marino_____<br>Toni-Ann Citera<br>250 Vesey Street<br>New York, NY 10281<br>Telephone: 212.326.3939<br>tcitera@jonesday.com<br><br>Jeremy Cole<br>Elizabeth Marino<br>Amanda Maslar<br>Charlotte Hogan<br>110 North Wacker Drive, Suite 4800<br>Chicago, IL 60606<br>Telephone: 312.782.3939<br>jpcole@jonesday.com<br>ejmarino@jonesday.com<br>amaslar@jonesday.com<br>charlottehogan@jonesday.com |
| *Attorneys for Plaintiff Esperion Therapeutics, Inc.* | *Attorneys for Defendant Daiichi Sankyo Europe GmbH* |

SO ORDERED this ____ day of September, 2023.

                                                                           _____
                                                                             Hon. Edgardo Ramos
                                                                     United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESPERION THERAPEUTICS, INC.,

                                     Plaintiff,

-against-                                              No. 1:23-cv-02568-ER

DAIICHI SANKYO EUROPE GMBH,

                                     Defendant.

## NON-DISCLOSURE AGREEMENT

       I acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  I agree that I will not disclose or use such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material other than for purposes of this litigation, and that at the conclusion of the litigation I will return all Discovery Material to the person or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____            Signature: _____

Name (type or print):
Position:
Firm:
Address:
Telephone Number: