# JONES DAY

110 NORTH WACKER DRIVE • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number: (312) 269-4093
JPCOLE@JONESDAY.COM

September 7, 2023

<u>VIA ECF</u>

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>*Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*,
       Civil Action No. 1:23-cv-02568 (S.D.N.Y.)</u>

Dear Judge Ramos:

  We represent defendant Daiichi Sankyo Europe GmbH ("DSE") in the above action. Pursuant to Your Honor's Individual Practice Rule 1(E), DSE respectfully seeks an accelerated but realistic briefing schedule for summary judgment and a corresponding adjournment of the April 15, 2024 trial date set by this Court following the Initial Status Conference on July 12, 2023. No party has previously requested an adjournment or extension of the trial date.

  As explained below, the current trial date of April 15, 2024 is only 45 days after the close of discovery on March 1, 2024. This compressed time period (a) does not provide sufficient time for the parties to prepare and the Court to rule on anticipated cross-motions for summary judgment that may eliminate the need for a trial; (b) is a substantially shorter time period than other scheduling orders in comparable cases before this Court; and (c) is not necessary here as neither party would be prejudiced by a trial in June 2024 (or later), while the risk of prejudice is high under the current schedule. DSE respectfully seeks an extension now as opposed to later in the case when 2024 calendars will be more full. Counsel for DSE and Esperion conferred regarding this motion, and Esperion does not consent to the requested relief because it does not believe that an extension of the trial dates is necessary to accommodate summary judgment briefing.

  The Court held an Initial Pretrial Conference on July 12, 2023. Near the end of the conference, counsel for Esperion asked if the Court was going to set a trial date. Your Honor responded: "I am not going to set a trial date today." 07/12/2023 Tr. 18:25. After an additional request from Esperion to set a trial date "subject to the Court's obvious … ability to change at its discretion," Your Honor set April 15, 2024 as a trial date, noting to counsel for DSE that "***it is not set in stone***." *Id.* at 19:14-15 (emphasis added).

JONES DAY

DSE respectfully seeks to adjust the trial date for several reasons. First, the current schedule does not provide sufficient time for the parties to brief or the Court to consider anticipated cross-motions for summary judgment, a right granted to both parties under Fed. R. Civ. P. 56. With a discovery deadline of March 1, 2024, the parties cannot reasonably brief a summary judgment motion within 45 days, never mind provide the Court a reasonable amount of time to consider and rule on the motion before the start of trial on April 15, 2024. Both the parties and the Court would benefit from a meaningful summary judgment schedule because summary judgment, if granted, would eliminate the need for trial or narrow the issues to be tried. Accordingly, DSE proposes the following abbreviated summary judgment schedule based on the March 1, 2024 close of discovery:

- **March 29, 2024**: Pre-Motion Letters or Motions for Summary Judgment Due

- **April 26, 2024**: Oppositions to Motions for Summary Judgment Due

- **May 17, 2024**: Replies in support of Motions for Summary Judgment Due

- **June 17, 2024 (or later)**: Start of Trial, if necessary

Based on DSE's review, in cases before this Court that proceeded to a civil jury verdict, the shortest amount of time between the completion of discovery and trial was 3.5 months (or over twice as long as the 45 days currently scheduled). *See e.g.*, *Murray v. Ruderfer*, 1:15-CV-00913-ER (discovery completion date of December 30, 2015 and trial date of April 18, 2016); *Curran v. Long Island R&R Co.*, 1:13-CV-08452-ER (discovery completion date of October 9, 2014 and trial date of June 15, 2015); *Downtown Capital Partners v. Quadrant 4 Sys. Corp.*, 1:11-CV-05045-ER (discovery completion date of March 13, 2013 and trial date of July 1, 2013). A trial date of April 15, 2023 – 45 days after the discovery cut-off – is both unwarranted and contrary to established practice in cases of similar complexity.

In other cases before Your Honor involving requests for declaratory relief, trials were scheduled between 4 months and one year after the close of discovery. *See e.g.*, *Maury v. Tribeca Grand Hotel, Inc.*, 1:19-cv-05277-ER (discovery completion date of April 15, 2022 and trial scheduled for October 17, 2022) *Espaillat v. Titanium Constr.*, 1:15-cv-01322-ER (discovery completion date of February 19, 2016 and trial scheduled for May 16, 2016); *Henry v. Morgan's Hotel Grp.*, 1:15-cv-01789-ER (discovery completion date of December 11, 2017 and trial scheduled for December 10, 2018).

Moreover, the Court does not typically set a trial date in its initial scheduling order (which was Your Honor's initial instinct at the July status conference). Your Honor's Case Management Plan and Scheduling Order template does not include a trial date placeholder. Rather, it contemplates a case management conference shortly after discovery is complete, presumably to

JONES DAY

discuss a trial date and other pre-trial deadlines, among other topics. Indeed, in the following three declaratory judgment cases before this Court, the scheduling order (all adopted in 2023) set a completion date for discovery but no trial date. *E.g.*, *Narang Plaza Pines, Inc. v. MT. Hawley Ins. Co.*, 1:23-cv-04392-ER (July 7, 2023); *Dudnauth v. ABC Carpet & Home*, 23-cv-01858-ER (Apr. 26, 2023); *Poux v. City of New York*, 22-cv-9368-ER (June 26, 2023).

Finally, there is no need for this case to proceed to trial on April 15, 2024, 45 days after the close of discovery. Esperion has asked for a trial date purportedly around the time that the European regulator is expected to respond to the pending application for marketing authorization. In its latest complaint and in various public statements[1], Esperion alleged that the decision will occur "in the first half of 2024" (not necessarily April). A June 2024 trial date fits within the "first half" of 2024. In addition, based on the current status, DSE believes a decision by the European regulator in or before April 2024 is unlikely.

Even if the European regulator issues its decision before June 2024, Esperion would not be prejudiced. Esperion seeks a declaration that it will be entitled to a regulatory milestone payment after an anticipated decision from the European Medicines Agency ("EMA"). Esperion's claim that a declaration is "urgently needed" because "Esperion could obtain [EMA] Regulatory Approval as early as the first half of 2024" is unfounded. *See* Dkt. 19 (May 4, 2023), ¶ 98. Esperion will not be prejudiced if the trial occurs after EMA's decision (assuming a trial is necessary and the Court does not grant summary judgment to DSE). In fact, a trial ***after*** a decision from EMA would be more efficient as the parties and the Court will not have to speculate about EMA's decision and what product indication, if any, is approved. Esperion also ignores the possibility of appeal by either party following entry of judgment, which makes any full and final resolution in the first half of 2024 unlikely anyway.

DSE is not seeking this relief for purposes of delay and remains committed to meeting the discovery completion date of March 1, 2024 and other interim discovery dates which the parties have discussed. However, forcing DSE to go to trial on April 15, 2024 would prejudice DSE's ability to seek summary judgment, is inconsistent with this Court's scheduling orders in comparable matters, and is unnecessary for the reasons explained above.

Thank you for considering this request.

---

[1] "The Company anticipates . . . EMA approval in the first half of 2024." *See* Esperion, Press Release (June 28, 2023) https://www.esperion.com/news-releases/news-release-details/esperion-announces-submission-application-expanded-indication ; "Following the EMA approval, which is expected in the first half of 2024, . . . that puts us right in the timing of the April court date as well." Esperion, Q2 2023 Financial Results, Listen to Webcast, at 28:55 (Aug. 1, 2023) https://edge.media-server.com/mmc/p/3odenij9 .

3

JONES DAY

Respectfully Submitted,

*/s/ Jeremy P. Cole*

Jeremy P. Cole
*Counsel for Daiichi Sankyo Europe GmbH*

4