**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

October 3, 2023

<u>VIA ECF</u>

Hon. Edgardo Ramos
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*, No. 1:23-cv-02568 (ER)

Dear Judge Ramos:

We represent Plaintiff Esperion Therapeutics, Inc ("Esperion") in the above-captioned action. We write pursuant to this Court's Individual Practice Rule 3(ii) to respectfully request permission to file under seal the exhibits to Esperion's letter requesting a pre-motion conference regarding a motion to compel the production of documents from Daiichi Sankyo Company, Limited ("DS Japan"), the Japanese parent company to Defendant Daiichi Sankyo Europe GmbH ("DSE").

The exhibits include both DSE documents that were produced to Esperion and designated as Confidential pursuant to the stipulated protective order entered by the Court and Esperion documents not yet produced that Esperion plans to designate as Confidential. *See* ECF No. 57. Among the exhibits are DSE's statement of interest, which preceded the License and Collaboration Agreement ("License Agreement") at issue in this case that this Court has already permitted to be filed under seal, *see* ECF No. 26; internal DSE presentations containing, for example, "pricing strategy" and data from "market research" prepared for a meeting with an individual referred to as "Kobu-san"; a 2023 commercial agreement between Esperion, DSE, and DS Japan regarding commercialization and supply issues for Esperion's bempedoic acid drugs; and email correspondence with DS Japan relating to a facility manufacturing Esperion's bempedoic acid drugs.

"[P]roprietary material concerning the [parties'] marketing strategies [and] product development," like that in the exhibits, is entitled to be sealed. *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material"); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (regulatory organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access'"). Preserving the confidentiality of non-public information like the commercial agreements between the parties is necessary to prevent it

GIBSON DUNN

Hon. Edgardo Ramos
United States District Court for the Southern District of New York
October 3, 2023
Page 2


from falling into the hands of third parties who could use it to injure the signatories. *See Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury").  Additionally, the License Agreement between the parties contains strict confidentiality provisions requiring, *inter alia*, that all confidential or proprietary information disclosed under the License Agreement "be maintained in confidence" and not disclosed. *See* ECF No. 20-1 § 7.1.

We thank the Court for its consideration of this request.


Sincerely,


GIBSON, DUNN & CRUTCHER LLP


/s/ Orin Snyder
Orin Snyder

*Attorneys for Plaintiff Esperion Therapeutics, Inc.*

cc: All Counsel of Record (via ECF)