**GIBSON DUNN**

**MEMO ENDORSED**

Defendant is directed to respond to Plaintiff's letter motion (Doc. 68) by October 16, 2023.  The Court will address the dispute at the pre-motion conference scheduled for October 18, 2023.  SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: October 11, 2023
New York, New York

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY  10166-0193
Tel 212.351.4000
gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
OSnyder@gibsondunn.com

October 10, 2023

The Honorable Edgardo Ramos
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*, 23-cv-02568 (S.D.N.Y.)

Dear Judge Ramos:

We are counsel to Plaintiff Esperion Therapeutics, Inc. ("Esperion").  Esperion respectfully requests a pre-motion conference pursuant to Local Civil Rule 37.2 to request that the Court order Defendant DSE to produce all party witnesses for deposition in New York City.  New York is where DSE expressly agreed all disputes under the parties' Agreement must be litigated.  It is where DSE is seeking affirmative relief of its own.  It is where DSE's officers have repeatedly traveled to conduct business with Esperion.[1]  And it is where depositions will be most efficient and cost-effective.  Forcing Esperion to take depositions in Europe, in contrast, would impose substantial unnecessary costs and delay.  All factors—the parties' contract, DSE's litigation and business conduct, and equity—point to New York.

As the Court knows, this case will resolve whether DSE owes Esperion $300 million under the parties' Agreement.  After a request for expedited treatment, *see* 7/12/23 Tr. 19:10-12, Your Honor scheduled trial for April 15, 2024—and recently denied DSE's request for a trial adjournment, *see* Dkt. 56.  Timely and cost-efficient resolution of this dispute is essential to Esperion's survival:  since DSE repudiated its $300 million commitment, Esperion's stock price has precipitously declined.  At every turn, DSE has tried to drive up litigation costs and to cause delay.  Just last week, Esperion was forced to seek the Court's intervention to remedy DSE's refusal to produce documents held by its Japanese parent.  Dkt. 64.

Now, with six weeks scheduled for fact depositions of approximately 22 witnesses, DSE insists that Esperion bears the substantial financial burden of bringing its legal team to Europe to depose five Munich, Germany-based witnesses, two of whom are DSE officers.[2]  DSE's position has been all over the map.  DSE insisted on making its employees available

---

[1] Since 2018, several DSE witnesses have traveled to New York to negotiate the Agreement; to Hoboken, New Jersey and to Ann Arbor, Michigan for "Joint Collaboration Committee" meetings with Esperion; and to annual JP Morgan Health Care Conferences in California.

[2] Esperion raised the request to depose party witnesses in New York City on a September 26 meet and confer call with DSE.  The parties exchanged emails regarding their positions.  On October 5, DSE confirmed it would only make these witnesses available in Europe.  On October 10, DSE again confirmed it would only make its witnesses available in Europe.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

only in Munich, where DSE is based.  Esperion explained that doing so would appear to violate the Hague Convention and expose the parties to potential criminal penalties.  DSE then pivoted, offering to bring its employees to Brussels, Belgium.  But that alternative makes even less sense and imposes inconvenience on everyone—requiring both witnesses and counsel to travel to Brussels, a location with no nexus to the parties or this dispute.  If DSE witnesses will have to travel for their depositions, DSE should bring its witnesses to New York, where the Court and counsel for both parties are located and where DSE agreed to conduct all litigation arising from the Agreement.  DSE's refusal to produce their German-based witnesses for deposition in New York is yet another attempt to run up the costs of litigation.[3]

**The Governing Mandatory Forum Selection Clause Presumes Party Witnesses Be Deposed In New York.**  DSE agreed that any dispute arising from the Agreement must take place in New York City.  *See* Dkt. 19-1 at § 14.4 ("Each Party . . . submits to the jurisdiction of the courts sitting in New York City, New York, for the purpose of any dispute arising between the Parties in connection with this Agreement"); *see also id.* ("Each Party . . . agrees not to commence any such Action other than before the above-named court").  Where a defendant contractually agrees to litigate in this forum, there is a presumption that depositions will occur here, as well.  *See E&T Skyline Constr.*, 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020); *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *14 (S.D.N.Y. May 31, 2002) (corporation's agreement to forum selection clause "only supports the conclusion that its officers should be required to appear in this forum for deposition").

**Having Affirmatively Sought Relief from a New York Court, DSE Must Produce Its Witnesses in New York.**  Courts discount any presumption in favor of the defendant's location when the defendant has chosen to bring its own claims in the same proceeding in the forum.  *See United Bank for Afr. PLC v. Coker*, 2003 WL 179775, at *2 (S.D.N.Y. Jan. 24, 2003) (holding that a defendant who has "asserted counterclaims . . . must be willing to appear in this jurisdiction . . . to answer questions under oath"); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989).  DSE, in its answer, sought declaratory relief of its own.  Dkt. 33.  DSE's choice to seek additional relief obliged itself and its witnesses to appear in this forum.

**DSE's Initial Demand To Force Depositions In Germany Is Blocked By German Law.**  After DSE insisted that Esperion fly its counsel to Munch to depose DSE witnesses there, Esperion explained German law appeared to prohibit it.  Formal depositions in Germany must comply with onerous Hague Convention requirements, which would make depositions impossible in the time available.  *See MACOM Tech. Sols. Holdings, Inc. v. Infineon Techs. AG*, 2017 WL 2999036, at *4 (C.D. Cal. May 25, 2017) (ordering depositions in the forum rather than the defendant's German headquarters in part because necessary procedure would

---

[3] The parties are due to substantially complete document production on October 20 and complete fact depositions by December 15, with trial set for April 15, 2024.  Dkt. 61.

**GIBSON DUNN**

take too long.)  Taking a deposition in Munich outside the Hague Convention framework may be illegal under German law.  *Id.* at *4 (noting a deposition in Germany without diplomatic approval "may lead to criminal penalties").  Courts have regularly ordered depositions to take place in the forum when presented with a similar choice.  *See Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, 2013 WL 12446892, at *2 (S.D.N.Y. May 28, 2013) (finding that "the complications inherent" in foreign depositions "present[] yet another cogent reason for requiring that the deposition take place here").  DSE appears to have abandoned its Munich demand.  Most recently, it proposed Brussels as an alternative—a location without any nexus to the action that imposes inconvenience on everyone.

**Cost, Convenience, and Litigation Efficiency Favor New York.**  Courts apply a three-factor test—cost, convenience, and litigation efficiency—to evaluate requests to order depositions in the forum.  *See In re Livent, Inc. Sec. Litig.*, 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002).  Here, all three factors weigh strongly for ordering party depositions in New York.  DSE seeks to force Esperion to transport teams of attorneys to Europe (either Germany or Brussels) during the deposition period, incurring significant costs in lawyer time and travel expense.  The six-hour time difference between Central European Time and New York will cause unnecessary and costly delays coordinating with co-counsel and Esperion management in the U.S. and make it difficult to obtain guidance from the Court during depositions.  *See Maersk, Inc. v. Neewra, Inc.*, 2008 WL 4303051, at *2 (S.D.N.Y. Sept. 17, 2008) ("[T]he time-zone problem" of European depositions is "a significant additional factor in favor of holding the depositions in New York"); *Mill-Run Tours*, 124 F.R.D. at 551.  The Court and counsel are in New York, where the parties agreed to litigate.  And Esperion will accommodate the witnesses' schedules (within the case schedule) to avoid conflicts with their duties in Munich.  *See Zurich Ins. Corp. v. Essex Crane Rental Corp.*, 1991 WL 12133, at *3 (S.D.N.Y. Jan. 29, 1991).  Avoiding foreign depositions will streamline the deposition period, avoid the challenge of international civil procedure, and move this case towards trial.

Courts regularly order this relief under similar circumstances.  *See In re Livent, Inc.*, 2002 WL 31366416, at *1 ("[R]equiring Defendants to travel to New York is the most efficient and least inconvenient course"); *Doe v. Karadzic*, 1997 WL 45515, at *3-4 (S.D.N.Y. Feb. 4, 1997) (ordering New York deposition of European defendant because "[c]ounsel for all parties . . . are located in the United States" and the Court "would be . . . available to rule on objections").  Esperion respectfully asks the Court to do so here.

GIBSON DUNN

Respectfully,

Orin Snyder

*Counsel for Plaintiff Esperion Therapeutics, Inc.*

GIBSON, DUNN & CRUTCHER, LLP
200 Park Ave.
New York, NY 10166
osnyder@gibsondunn.com
(212)-351-2400