# JONES DAY

110 NORTH WACKER DRIVE • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number: (312) 269-4093
JPCOLE@JONESDAY.COM

October 16, 2023

VIA ECF

The Honorable Edgardo Ramos
United States District Court (S.D.N.Y.)
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*,
               Civil Action No. 1:23-cv-02568 (S.D.N.Y.)

Dear Judge Ramos:

      We represent Daiichi Sankyo Europe GmbH ("DSE") and respond below to the request of Esperion Therapeutics, Inc. ("Esperion") to force several DSE witnesses to travel overseas for their depositions. The Court should deny Esperion's request because it is contrary to well-settled practice, applicable case law, and any fundamental notion of fairness.

      The DSE witnesses that Esperion seeks to depose do not reside in the U.S. Indeed, most of them are former or non-officer employees whose testimony Esperion is required to pursue under the procedures of the Hague Convention or a similar treaty. Despite this clear requirement, DSE agreed to spare Esperion from this burden and offered voluntarily to make its witnesses available in one location in Europe during one of two weeks in order to meet the abbreviated discovery deadlines. After Esperion rejected any location in Germany (where DSE is headquartered), DSE proposed a convenient location in Europe (Brussels, Belgium) where counsel for both parties have an office and the depositions can proceed without issue. Esperion again rejected this proposal, insisting that DSE's witnesses travel to the doorstep of Esperion's counsel even though DSE's counsel will be travelling all over the country to depose Esperion's witnesses, including its former management team that negotiated the agreement but is no longer with the company. Esperion's current and former employees will be deposed in or near their city of residence (and several are outside New York). DSE's witnesses should enjoy the same benefit. "[A] deposition of a non-resident defendant should generally be conducted in the district where the defendant lives or works." *Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010). As explained below, the Court should not deviate from this bedrock principle.

**Four of the Deponents are Non-Officer or Former Employees that Must be Treated as Non-Party Witnesses Under Fed. R. Civ. P. 30 and Cannot be Compelled to Travel to New York.**

      Under Rule 30(b)(1), an officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. But a corporate employee or agent

who is ***not*** an officer, director, or managing agent is ***not*** subject to deposition by notice. *See, e.g., United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). "Such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure; or, ***if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized***." *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002) (emphasis added).

As Esperion acknowledges, four of the DSE deponents are either former employees or non-officer employees who cannot be compelled to travel overseas for a deposition. *See Wultz v. Bank of China Ltd.*, 293. F.R.D. 677, 679 (S.D.N.Y. 2013) ("[A] court must quash or modify a subpoena that 'requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.'"). DSE is doing Esperion a favor by making these witnesses available for deposition voluntarily (assuming the depositions occur reasonably close to home), rather than requiring Esperion to rely on the lengthy procedures under the Hague Convention to obtain testimony from any former or non-officer employee. Esperion offers zero authority for how former DSE employee, Mr. Ralf Goeddertz (who resides near Brussels), can be compelled to travel to New York and the same is true for DSE's other former and/or non-officer employees.

**Compelling DSE's Officers To Travel To New York For Deposition Would Unfairly Burden DSE as Esperion's Witnesses Do Not Have To Travel for Their Depositions.**

While officers of a company may be compelled to give testimony by notice of deposition, there is a presumption that such deposition will occur where the witness lives, particularly when the witness is a high-ranking officer or employee. *Devlin v. Transp. Commc'ns Int'l Union*, 2000 WL 28173, at *4 (S.D.N.Y. Jan. 14, 2000). Esperion seeks to depose two DSE officers, including its Chief Executive Officer. Depositions in New York, where neither party is incorporated, headquartered, or has an office, would consume at least 3-4 days out of the DSE officers' busy schedules, unduly burdening them and DSE. Esperion argues that DSE's officers travel to the US periodically but that is irrelevant because DSE's officers have no plans to travel to the U.S. between now and the end of the calendar year, and both parties' business leaders have traveled to each other's continent during the collaboration.

Furthermore, DSE's counsel (at great expense to DSE) has agreed to criss-cross the U.S. to depose Esperion's current and former officers, as well as all of Esperion's current and former employees ***at their preferred location***, including in Detroit, Indianapolis, Irvine, San Diego, Naples and New York. There is no reason why DSE's witnesses should not be afforded the same convenience. The Court should reject Esperion's "heads I win, tails you lose" approach and allow both sides to present their officers and employees for deposition close to where they live.

Esperion points to the forum selection clause in the parties' contract. But an agreement to resolve disputes in a particular court is neither an agreement nor a requirement that all witnesses be deposed in that court's district. It is common in any litigation, including those involving a

forum selection clause, for a party to present its witnesses for deposition where they reside, even if it is outside the Court's district and particularly when senior executives reside elsewhere. *See, e.g., Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017) (rejecting a request to force the opposing party's CEO to travel to New York and allowing the deposition to occur in Denver where he resided, even though the forum selection clause required litigation in S.D.N.Y.). The presence of a forum selection clause does not change the calculus. Instead, it merely affords the court discretion to evaluate whether the "forum selection clause rebuts the presumption of a deposition's location" being the location where the witness resides. *Id.* at 178-79; *Glatt v. Fox Searchlight Pictures, Inc.*, 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012) (the Court should consider the cost, convenience, and litigation efficiency of the competing locations). Here, those factors heavily favor Brussels for the depositions.

**Cost, Convenience and Litigation Efficiencies Favor Europe Over New York.**

First, cost favors Brussels over New York. It will be more expensive for DSE to send its witnesses to New York than for Esperion to send a small number of lawyers to Brussels. If Esperion insists on a large team of lawyers participating, they can attend remotely or bear the cost of their choice. Because Esperion must travel to Europe to depose DSE's former and non-officer employees anyway, DSE's offer to make its officers available on adjacent days in the same city will save money for the parties. And Esperion's purported concerns about "litigation costs" ring hollow given the size of its litigation team (to date, at least 11 different Gibson Dunn lawyers have surfaced in discussions or communications among counsel).

Second, convenience also favors Brussels. Counsel for both parties have an office in Brussels. https://www.gibsondunn.com/office/brussels/. One DSE officer spends part of the year in Brussels and a former employee (Mr. Goeddertz) is a short train ride away. A deposition in New York (including travel to and from) would consume most, if not all, of a business week, unduly burdening the witness and DSE's business. *See e.g.*, *In re Fosamax Prods. Liab. Litig.*, 2009 WL 539858, at *2 (S.D.N.Y. Mar. 4, 2009).

Third, litigation efficiencies also favor Brussels. If counsel for Esperion has to travel overseas anyway to depose certain DSE witnesses, then depositions for all DSE witnesses in Brussels would be most efficient. Esperion's time zone concerns are also overstated. The parties have experienced counsel and neither should have to summon the Court for assistance during a deposition. *Sloniger v. Deja*, 2010 WL 5343184, at *8 (W.D.N.Y. Dec. 20, 2010) ("It has been a practice of this Court to not entertain questions during depositions and allow the parties to complete the examination and note objections to be raised."). In the unlikely event that such assistance is necessary, the business days in New York and Brussels overlap by two hours which would allow either party to contact the Court, if absolutely necessary.

For all of the above reasons, DSE respectfully asks the Court to deny Esperion's request to force any DSE witness to travel to the U.S. for a deposition.

JONES DAY

                                          Respectfully Submitted,

                                          */s/ Jeremy P. Cole*

                                          Jeremy P. Cole
                                          *Counsel for Daiichi Sankyo Europe GmbH*

cc: All Counsel of Record (via ECF)