**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

November 13, 2023

<u>VIA ECF</u>

The Honorable Edgardo Ramos
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>*Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*</u>, 23-cv-02568 (S.D.N.Y.)

Dear Judge Ramos:

We represent Plaintiff Esperion Therapeutics, Inc. ("Esperion").  We respectfully write in response to Defendant Daiichi Sankyo Europe GmbH's ("DSE") November 10, 2023 pre-motion letter seeking leave to amend its Answer to Esperion's First Amended Complaint.  *See* Dkt. 80 ("Ltr.").

Esperion respectfully requests that the Court hold DSE's motion for leave to amend in abeyance or deny it without prejudice until the Court decides Esperion's pending and potentially dispositive Rule 12(c) motion for judgment on the pleadings, Dkt. 74.  *See, e.g.*, *Feltzin v. Stone Equities, LLC*, 2018 WL 1115135, at *4 (E.D.N.Y. Feb. 8, 2018), *report & recommend. adopted* 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) ("With respect to Plaintiff's amended motion for leave to file an amended complaint, the Court denied the motion without prejudice to renewal following the Court's determination of Defendant's Rule 12(c) motion.").  Pending the Court's decision on the Rule 12(c) motion, Esperion would meet and confer with DSE in an effort to resolve the motion for leave to amend by stipulation, without burdening the Court, in the event the Court does not grant Esperion's Rule 12(c) motion.

DSE states that its proposed amended Answer is "unrelated to and not prompted by" Esperion's Rule 12(c) motion.  Ltr. at 3.  DSE states that it "will respond" to Esperion's Rule 12(c) motion "on November 15, 2023."  *Id.*  And DSE's proposed amendment does not relate to any portion of its operative Answer cited in Esperion's Rule 12(c) motion.  Instead, DSE seeks to amend only one paragraph in the preliminary statement of its Answer and one portion of DSE's requested declaratory judgment, both concerning the regulatory approval process for the label for Esperion's drugs.  In short, DSE's motion for leave to amend has no bearing on, and does not need to be resolved for the Court to decide, Esperion's pending and potentially dispositive Rule 12(c) motion.  The motion to amend would, of course, be moot in the event the Court grants Esperion's Rule 12(c) motion.

For these reasons, neither the parties nor the Court need to divert resources to consider DSE's proposed amendment until the Court resolves Esperion's pending Rule 12(c) motion, during which time the parties can meet and confer about potential resolution of DSE's motion without burdening the Court.

We thank the Court for its consideration.

# GIBSON DUNN

Respectfully,

Orin Snyder

Cc:  All counsel of record (via ECF)