GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

November 16, 2023

VIA ECF

The Honorable Edgardo Ramos
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*, 23-cv-02568 (S.D.N.Y.)

Dear Judge Ramos:

We represent Plaintiff Esperion Therapeutics, Inc. We respectfully write in response to Defendant Daiichi Sankyo Europe GmbH's November 13, 2023 pre-motion letter seeking leave to move for a blanket protective order precluding the deposition of a material fact witness in this case, Martin Fürle. DSE seeks to shield Mr. Fürle from deposition because he is a lawyer. Of course, that is not the law. In addition to serving as DSE's general counsel, Mr. Fürle is a central and unique percipient fact witness to non-privileged meetings, calls, and other communications at the heart of this declaratory judgment action—the negotiation of the written contract that defines the rights and obligations of the parties. He possesses non-privileged evidence that no one else has, including his unique recollection of his and others' statements to Esperion executives and counsel during the contract negotiations. As the Court knows, outside and in-house counsel personally involved in contract negotiations routinely testify, in discovery and at trial, in cases just like this one. There is no valid basis for a blanket exemption for Mr. Fürle.

"The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long 'accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark.'" *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (Sotomayor, J.) (alteration in original) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15 (1964)). Notably, in *Friedman*, the Second Circuit "specifically eschewed the approach of the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), under which depositions of opposing litigation counsel was disfavored." *Rekor Sys., Inc. v. Loughlin*, 2022 WL 671908, at *1 (S.D.N.Y. Mar. 7, 2022). Instead, the Second Circuit adopted a more "flexible approach to lawyer depositions," "tak[ing] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id.* DSE has not shown that the deposition of Mr. Fürle "would entail an inappropriate burden or hardship."

**Mr. Fürle Is An Important and Unique Percipient Fact Witness.** DSE argues that Esperion has no need to depose Mr. Fürle because Esperion is already deposing three other DSE witnesses who also attended a meeting to negotiate the license agreement in December 2018. *See* ECF No. 82 at 1–2. That argument misrepresents both Mr. Fürle's central role in the negotiation of the contract at the heart of this dispute, and the law governing corroborative depositions.

To start, Mr. Fürle's participation was not limited to one in-person meeting. Mr. Fürle was a primary point of contact for non-privileged communications with Esperion's outside counsel

GIBSON DUNN

throughout the negotiation period. Between December 6, 2018 and January 2, 2019—the critical negotiating period—Mr. Fürle sent or received ten versions of the license agreement. In the course of his frequent correspondence with Esperion, Mr. Fürle ███████████████████████████████████████████████████████████████████████████████████████████████████████. DSE's Philipp Hoffmann and Ralf Goeddertz both testified at their depositions this week that Mr. Fürle ████████████████████████████. *See* Ex. 6 at 164.[1] Mr. Hoffmann testified that Mr. Fürle ████████████████████████████████████████████████████████████████████████████. Ex. 6 at 181–83. And Mr. Goeddertz testified that ███████████████████████████████████████████████████████████████████ We understand that Mr. Fürle also engaged in one-on-one oral and written communications with Esperion representatives. These facts confirm that Mr. Fürle has non-privileged percipient evidence that goes well beyond a single meeting and is discoverable.

Even if Mr. Fürle's testimony were limited to a single in-person meeting, Esperion would still be entitled to that evidence. DSE makes much of the fact that other DSE witnesses attended the same meeting. But of course, only Mr. Fürle knows what he independently recalls about what was (or was not) said during that meeting. His testimony is a critical source of potential corroboration or impeachment. And, in any event, there is no prohibition on cumulative discovery. *See, e.g., Lee v. Town of Southampton*, 2020 WL 1237198, at *3 (E.D.N.Y. Feb. 21, 2020) (discussing "Corroborating Depositions"), *report and recommendation adopted*, 2020 WL 1234200 (E.D.N.Y. Mar. 13, 2020).[2] Rather, "it is unreasonable to . . . limit the [plaintiff's] opportunity to depose executives who plainly have relevant information, even if some of it may be cumulative." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 124 (S.D.N.Y. 2015).

DSE says Mr. Fürle's deposition would be "a waste of resources" and "distract from [Mr. Fürle's] other legal responsibilities." But Mr. Fürle found time to travel to Brussels and attend three full-day depositions of other DSE witnesses (Andreas Berger, Philipp Hoffmann, and Ralf Goeddertz) this week. We expect Mr. Fürle also will be present in Brussels again in December when the remaining DSE witnesses (Jan van Ruymbeke, Mayu Imamura, and Oliver Appelhans) will be deposed. Esperion timely noticed Mr. Fürle's deposition for December 11. There is no reason he cannot be deposed on December 11, the day before those other depositions take place, when counsel for DSE and Esperion and presumably Mr. Fürle already will be in Brussels.

**DSE Cites Case Law That Does Not Support the Requested Relief.** DSE argues that Mr. Fürle's "role in connection with the matter" also cuts against a deposition. ECF No. 82 at 2 (citing *Friedman*, 350 F.3d at 72). But, as the court in *Rekor Systems* explained, that factor matters

---

[1] The deposition transcript of Mr. Goeddertz is not yet available.

[2] If deposing multiple individuals involved in the same negotiations were prohibited, DSE would not be entitled to depose three Esperion witnesses—Mr. Nelson, Mr. Glickman, and Mr. Bartram—who also attended the same meeting.

2

GIBSON DUNN

only when one party is attempting to depose "a lawyer who either was actively litigating the case on the other party's behalf or who was associated with trial counsel." 2022 WL 671908, at *2. Both of DSE's cited cases involved circumstances where the lawyer whose deposition was sought was litigation counsel, not negotiating corporate counsel like Mr. Fürle. *See Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 1033862, at *6 (S.D.N.Y. Mar. 17, 2014) (subpoena to outside counsel "substantially involved in the litigation of the current case"); *KOS Building Grp., LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020) (subpoena on trial counsel). Mr. Fürle is not "actively litigating the case"; he has not entered an appearance in this case, and, to Esperion's knowledge, is neither a litigator nor a U.S.-qualified attorney. DSE's "concern" about Esperion "using the tools of discovery to interfere with and undermine [DSE's] litigation strategy" is "inapposite." *Rekor Sys.*, 2022 WL 671908, at *2.

**Mr. Fürle Has Meaningful Non-Privileged Testimony.** DSE argues that "most, if not all, testimony" that Mr. Fürle can provide would be privileged. Not so. As the Second Circuit explained, "the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition." *Friedman*, 350 F.3d at 72. "[T]here are legitimate areas into which [Esperion] may inquire of [DSE's] general counsel which are covered neither by attorney-client privilege, nor by the work product doctrine." *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F. Supp. 45, 51 (S.D.N.Y. 1982). As with the attorney whose deposition was permitted in *Rekor Systems*, "[w]hat will be most relevant" in a deposition of Mr. Fürle is "what [he] saw and what he said to the opposing party in a transaction and what that opposing party said to him"—that is, his recollection "as a witness to events of purely historical relevance, no different than any other person who might not happen to hold a law license." 2022 WL 671908, at *2. Mr. Hoffmann confirmed that Mr. Fürle ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 at 172. In other words, at a minimum, everything that Mr. Fürle said and heard at that December meeting is likely to be discoverable. Esperion intends to conduct a narrow deposition focused on Mr. Fürle's unique recollection of non-privileged communications—classic percipient witness testimony. To the extent any privilege issue arises, it can be dealt with in the usual course.

**Mr. Fürle's Deposition Is Timely And Proportionate.** DSE argues that Esperion has conducted ample discovery from DSE. But that factor weighs against the party seeking to take a deposition when "virtually all of the discovery has already been conducted and completed" before a belated effort to take the deposition. *ResQNet.com, Inc.*, 2004 WL 1627170, at *6 (S.D.N.Y. Apr. 24, 2020). Here, Esperion has sought to depose Mr. Fürle for over two months.[3] DSE is scheduled to depose 12 current or former Esperion employees; Esperion is scheduled to depose six. That disparity, combined the vastly smaller number of documents DSE has produced, means Esperion will have far fewer opportunities to obtain relevant evidence than DSE.

For these reasons, Esperion respectfully requests that the Court deny DSE's request for a protective order precluding Mr. Fürle's deposition. We thank the Court for its consideration.

---

[3] Esperion informed DSE it would depose Mr. Fürle, along with eight other DSE fact witnesses, on September 14. When DSE refused to provide dates for Mr. Fürle and two other proposed witnesses, Esperion reiterated its request to depose him on October 12 and October 17. On November 6, Esperion sent a subpoena for December 11.

**GIBSON DUNN**

Respectfully,

*/s/ Orin Snyder*

Orin Snyder

Cc: All counsel of record (via ECF)