# JONES DAY

110 NORTH WACKER DRIVE • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

**MEMO ENDORSED**

DIRECT NUMBER: (312) 269-4093
JPCOLE@JONESDAY.COM

November 13, 2023

> The Court will hold a telephonic conference to address this dispute and Defendant's request for leave to file an amended answer (Doc. 80) on December 7, 2023, at 11:30 a.m.  The parties are directed to dial 877-411-9748 and enter access code 3029857# when prompted.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: November 20, 2023
> New York, New York

VIA ECF

The Honorable Edgardo Ramos
United States District Court (S.D.N.Y.)
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*,
Civil Action No. 1:23-cv-02568 (S.D.N.Y.)

Dear Judge Ramos:

    We represent Daiichi Sankyo Europe GmbH ("DSE") in the above action.  Pursuant to Rule 2(A) of Your Honor's Individual Practices, DSE respectfully seeks a pre-motion conference before moving for a protective order in connection with the deposition of DSE's General Counsel Martin Fürle, unilaterally noticed by plaintiff Esperion Therapeutic Inc. ("Esperion") on November 6, 2023, after multiple objections from DSE.  DSE seeks an order precluding the deposition of Mr. Fürle.  DSE has attempted to confer with Esperion in good faith but is unable to avoid involving the Court.

    Esperion's latest attempt to misuse the discovery process involves noticing the deposition of DSE's General Counsel.  "[D]epositions of opposing counsel are disfavored" in the Second Circuit.  *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19-CV-2918, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003)).  That is because such depositions, "even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." *Id.* (citation omitted).  Thus, courts assessing requests to depose a party's in-house counsel must determine "whether the proposed [counsel's] deposition would entail an inappropriate burden or hardship" by weighing the: (1) "need to depose the lawyer," (2) "lawyer's role in connection with the matter" and "in relation to the pending litigation," (3) "risk of encountering privilege and work-product issues," and (4) "extent of discovery already conducted." *Friedman*, 350 F.3d at 72.  If a deposition is not appropriate, the court should issue a protective order under Fed. R. Civ. P. 26(c).

    All of the above factors cut against Esperion taking Mr. Fürle's deposition.  First, Esperion does not need to depose Mr. Fürle to obtain the information it seeks.  To "establish[] a need to depose [a party's attorney]" under *Friedman*, Esperion has to show that the information it seeks is

"peculiarly within [that attorney's] knowledge." *KOS*, 2020 WL 1989487 at *5. If "the information sought by Defendants may be obtained from another source," such as another witness, then the attorney need not be deposed. *Id.* at *4–5 (finding need not established given information could be obtained from other sources); *see also Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 CIV.3578, 2004 WL 1627170, at *5–6 (S.D.N.Y. July 21, 2004) (holding need element not satisfied where the party seeking the deposition could obtain the information from other sources, such as "expert and fact witnesses").

Because Esperion "has not indicated why the information has not been or cannot be obtained through means other than [Mr. Fürle's] testimony, it has not established the need for [his] deposition . . . ." *Id.* at *5. The only purported basis Esperion has offered to date for deposing Mr. Fürle is his attendance at a single negotiation meeting in December 2018. Yet **three other DSE businesspeople (i.e., non-lawyers) attended** the same negotiation meeting, along with Esperion's former management team and transactional counsel. Thus, any relevant non-privileged information about the meeting can be obtained from the DSE non-lawyer witnesses who attended the meeting, **all of whom Esperion is scheduled to depose** (two this week and a third on December 13). Esperion "has not demonstrated that [any relevant, non-privileged] information [it] is seeking cannot be obtained from a source other than Defendant's current counsel." *See Varbero v. Belesis*, No. 20-CV-2538, 2020 WL 7043503, at *3 (S.D.N.Y. Dec. 1, 2020). Esperion has not shown a sufficient need to depose Mr. Fürle given the information is not "peculiarly within [his] knowledge." *KOS*, 2020 WL 1989487 at *5.

DSE has not sought to depose Esperion's transactional counsel who attended the meeting, instead opting to depose the Esperion executives in attendance (all now former Esperion employees) at different locations around the country (California, Florida, Michigan and New York). To force DSE to present its General Counsel for deposition would be unnecessary, unfair, and a waste of resources, given how busy the schedule is between now and December 15 (the deadline to complete fact witness depositions).

Second, "the lawyer's role in connection with the matter" also cuts against a deposition. Mr. Fürle is the highest-ranking in-house lawyer for DSE and was so at the time of the transaction. His role (then and now) is to provide legal advice to the business. He also plays an important role overseeing the pending litigation. If the lawyer's "role" in connection with the matter on which discovery is sought was to act as an attorney, that "weighs against" permitting a deposition because it risks "encroach[ing] upon the attorney-client relationship." *KOS*, 2020 WL 1989487 at *5. Here, Mr. Fürle attended the meeting at issue solely in the capacity of DSE's legal advisor. It also weighs against a deposition if the lawyer is "substantially involved in the litigation of the current case," given the "risk of prejudice" to the party whose counsel is being deposed. *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, No. 13 CIV. 1101, 2014 WL 1033862, at *6 (S.D.N.Y. Mar. 17, 2014) (refusing to permit deposition of a lawyer). A deposition of Mr. Fürle also would distract from his other legal responsibilities, unnecessarily disrupting DSE's business. *Resqnet.com*, 2004 WL 1627170 at *6.

JONES DAY

      Third, the "risk of encountering privilege and work product issues" in any deposition of Mr. Fürle is extremely high. *Friedman*, 350 F.3d at 72. It is more a certainty than a risk. Courts recognize that if the attorney in question was acting as "counsel to [a party]" in the matter on which discovery is sought and the pending litigation, "it follows that most, if not all, testimony that [the attorney] could provide would be subject to the attorney-client privilege and the work product doctrine." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 427 (E.D.N.Y. Nov. 9, 2007). Because Mr. Fürle acted as an attorney for DSE during the negotiations and the ongoing collaboration, and continues to act as DSE's attorney for this litigation, "most, if not all, testimony that" he "could provide" would be privileged or protected by the work product doctrine. *See id.* Any deposition would be filled with legitimate objections and instructions not to answer on privilege grounds, likely leading to motion practice before the Court – all for no reason given the ***three*** non-lawyer attendees at the December 2018 meeting whom Esperion will depose and Mr. Fürle possessing no unique, non-privileged information.

      Fourth, Esperion has conducted ample discovery from DSE, including on the meeting in question, which also cuts against any deposition of Mr. Fürle. In assessing the "extent of discovery already conducted," courts look to see if there "has been other discovery on the subject" of the deposition request, *NAACP v. E. Ramapo Cent. Sch. Dist.*, No. 17-CV-8943, 2019 WL 11583373, at *3 (S.D.N.Y. Jan. 28, 2019), or whether future discovery "may obviate [the] need . . . for the information sought from depos[ing] [a party's] counsel." *Shaub*, 2014 WL 1033862 at 7. Esperion has served written discovery on all negotiation meetings. As noted, Esperion is also deposing three DSE witnesses who attended the meeting, and it recently served a Rule 30(b)(6) deposition notice that covers 34 topics, including one aimed directly at DSE's negotiation of the Agreement. Thus, Esperion has had more than a fair opportunity to explore the topic without deposing DSE's General Counsel.

      For the foregoing reasons, DSE respectfully asks the Court to issue a protective order to stop Mr. Fürle's deposition from going forward.

                                            Respectfully Submitted,

                                            */s/ Jeremy P. Cole*

                                            Jeremy P. Cole
                                            *Counsel for Daiichi Sankyo Europe GmbH*

cc: All Counsel of Record (via ECF)