UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPERION THERAPEUTICS, INC.,<br><br>        Plaintiff,<br>v.<br><br>DAIICHI SANKYO EUROPE GMBH,<br><br>        Defendant. | Civil Action No. 1:23-cv-02568-ER |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Esperion's Reply brief improperly raises new arguments about evidence obtained in discovery as well as the term "relative risk reduction."  Reply Br. 6, 8.  These new arguments are meritless.  Depositions and other discovery have only confirmed what DSE alleges in its pleadings: any reasonable person, especially one in the pharmaceutical industry, would understand Section 9.2 to require, "among other things, that Esperion's CLEAR Outcome Study demonstrate at least a 15% relative risk reduction for its **primary** endpoint" for Esperion to obtain the Milestone Payment.  Answer 1.  Esperion's new general-terms canon argument about "relative risk reduction" fares no better, as it has no answer for the surrounding language that limits "relative risk reduction," including the use of the singular article "the" right before "relative risk reduction."

**I.  DISCOVERY CONFIRMS DSE'S POSITION.**

Despite Esperion's promise of a "vast amount of extrinsic evidence confirming its reading is the correct one," Reply 6, evidence from both parties supports *DSE's interpretation* of Section 9.2.  This evidence also further illustrates the absurdity of Esperion's Motion for Judgment on the Pleadings, which can succeed only if *no* "reasonably intelligent person" would adopt DSE's

1

interpretation.  *See Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 94 (2d Cir. 2021).

Take, for instance, ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
████████.

███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
████████████████████████████████.

Moreover, ████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████.

DSE's proposed interpretation is also supported ████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████.

## II. THE GENERAL TERMS CANON DOES NOT APPLY TO THE TERM "THE RELATIVE RISK REDUCTION RATE."

For the first time in its Reply brief, Esperion invokes the "general terms canon" to support its interpretation of the phrase "relative risk reduction." This belated argument also fails. As Esperion acknowledges, this canon applies only to "general terms" that are used "without qualifiers." Reply 8 (quoting Opp. 22 n.7). But Esperion offers no general definition of the term "relative risk reduction," or how it resembles a general word like "appeal." *See United States v. Weiss*, 52 F.4th 546, 553 (3d Cir. 2022) (holding word "appeal" "should receive its general meaning" given "statute contains no suggestion" otherwise) (cited in Reply at page 8). In any event, Section 9.2(a)'s language demonstrates the parties' desire to narrow the meaning of "relative risk reduction." The actual phrase in Section 9.2 is "***the*** relative risk reduction rate indicated below," Agreement § 9.2 (emphasis added), and Esperion's own authority holds the use of the article "the" before a noun means the noun is singular. Br. 10 (collecting cases). And Esperion admitted the term "relative risk reduction rate" is limited by the Study. FAC ¶ 4 ("The 'cardiovascular risk reduction' rate—and the corresponding amount of the milestone payment—is **based on** the results of the CLEAR Outcome Study" (emphasis added)). Moreover, the Agreement defines the Study as the "CLEAR *Outcome* Study," not "Outcomes Study," Agreement § 1.17 (emphasis added), strongly implying a singular outcome of importance as opposed to multiple "outcomes." Given all this language, "relative risk reduction" is not an unqualified general term.

## CONCLUSION

For the reasons stated above and in DSE's opposition, the Court should deny Esperion's motion for judgment on the pleadings.

| | |
|---|---|
| Dated: December 1, 2023<br>New York, New York | Respectfully Submitted, |
| | By: /s/ *Toni-Ann Citera* |
| Jeremy P. Cole (*pro hac vice*)<br>Elizabeth J. Marino (*pro hac vice*)<br>Amanda B. Masler (*pro hac vice*)<br>Andrew Lee (*pro hac vice*)<br>JONES DAY<br>110 North Wacker Drive<br>Suite 4800<br>Chicago, Illinois 60606<br>Tel: (312) 782-3939<br>Fax: (312) 782-8585<br>jpcole@jonesday.com<br>ejmarino@jonesday.com<br>amaslar@jonesday.com<br>andrewlee@jonesday.com | Toni-Ann Citera<br>Jack L. Millman<br>JONES DAY<br>250 Vesey Street<br>New York, New York 10281<br>Tel: (212) 326-3939<br>Fax: (212) 755-7306<br>tcitera@jonesday.com<br>jmillman@jonesday.com |

*Attorneys for Defendant Daiichi Sankyo Europe GmbH*

## Certificate of Service

I hereby certify that on December 1, 2023, I caused the foregoing Sur-Reply in Opposition to Plaintiff's Motion for Judgment on the Pleadings to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

/s/ *Toni-Ann Citera*
Toni-Ann Citera