# JONES DAY

110 NORTH WACKER DRIVE • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number: (312) 269-4093
JPCOLE@JONESDAY.COM

December 5, 2023

<u>VIA ECF</u>

The Honorable Edgardo Ramos
United States District Court (S.D.N.Y.)
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

          Re:    <u>*Esperion Therapeutics, Inc. v. Daiichi Sankyo Europe GmbH*,</u>
                <u>Civil Action No. 1:23-cv-02568 (S.D.N.Y.)</u>

Dear Judge Ramos:

      We represent Daiichi Sankyo Europe GmbH ("DSE") in the above-captioned matter. We write pursuant to this Court's Individual Practice Rule 2(A)(ii) to respectfully ask the Court to strike Esperion's December 3, 2023 filings, Dkt. Nos. 106–10, as an improper sur-sur-reply and bring an end to briefing on Esperion's Motion for Judgment on the Pleadings ("Motion").[1] "[T]he Second Circuit has explicitly recognized the district court's power to strike unauthorized sur-replies." *SEC v. Xia*, 2022 WL 2784871, at *1 n.1 (E.D.N.Y. July 15, 2022) (citing *Laguerre v. Nat'l Grid USA*, 2022 WL 728819, at *5 n.7 (2d Cir. Mar. 11, 2022)). Unfortunately, in response to DSE's December 1, 2023 sur-reply—which the Court granted DSE permission to file (Dkt. No. 99)—Esperion went ahead and filed a letter and supporting documents responding to DSE's sur-reply, raising new evidence and issues, and rehashing old arguments, *see* Dkt. Nos. 106–10.

      Esperion's December 3, 2023 filings should be stricken for at least three reasons. *First*, Esperion did not seek this Court's permission as required under Individual Practice Rule 2(B)(ii) before filing what constitutes an obvious sur-sur-reply responding to DSE's sur-reply. *Second*, DSE's sur-reply was properly limited to addressing the new arguments Esperion raised in its reply—Esperion does not argue otherwise—so no sur-sur-reply was warranted. *See Xia*, 2022 WL 2784871 at *2 (citing as reason to strike). *Third*, Esperion's filings go well beyond the topics raised in DSE's sur-reply, both by rehashing old issues and by raising new ones.

      Esperion's December 3 filings illustrate just how far it has gone beyond the bounds of a proper Rule 12(c) motion, despite Esperion representing to the Court that "[t]here is no extrinsic evidence required, whatsoever," for its motion. *See* Oct. 18, 2023 Hearing Tr., ECF No. 77 at

---

[1] DSE moves to strike and put an end to the Motion briefing without requesting a pre-motion conference to preclude any further unauthorized filings, and because the issue is so straight-forward that DSE does not believe an additional round of briefing on a motion to strike would be necessary.

33:16–24. It is not surprising that Esperion has abandoned its representation to the Court and turned to extrinsic evidence, because its unambiguous plain language argument never made any sense. But Esperion's self-serving references to excerpts of only certain members of the Esperion negotiating team (notably, not the person responsible for the financial terms of the Agreement nor the signatory) confirm that significant fact issues prevent this case from being decided solely on the pleadings. For this reason, should the Court permit Esperion to reference extrinsic evidence in support of its Motion, it should convert Esperion's Motion to a summary judgment motion, deny it, and bar Esperion from bringing any future summary judgment motions. *See Maloul v. New Colombia Resources, Inc.*, 2017 WL 292202, at *1 (S.D.N.Y. July 13, 2017) (converting and denying motions).

DSE will not burden the Court with yet more briefing or evidence, as we recognize this was the Court's concern when it asked counsel for Esperion "whether your motion would require me to consider extrinsic evidence." *See* Oct. 18, 2023 Hearing Tr., ECF No. 77 at 33:16–17. Instead, we look forward to addressing these matters at oral argument and resolving once and for all Esperion's attempt to short-circuit a full and fair presentation of the facts.

Respectfully Submitted,

*/s/ Jeremy P. Cole*

Jeremy P. Cole
*Counsel for Daiichi Sankyo Europe GmbH*

cc: All Counsel of Record (via ECF)